Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE. Attach additional pages if necessary.*

11th Circuit Docket Number: 23-11644

**Caption:**
State of Florida v. Secretary, U.S. Department of Homeland Security, et al.,

District and Division: Northern District of Florida, Pensacola Division
Name of Judge: T. Kent Wetherell II
Nature of Suit: Administrative Procedures Act challenge to agency action
Date Complaint Filed: May 10, 2023
District Court Docket Number: 3:23-cv-9962
Date Notice of Appeal Filed: May 17, 2023
☐ Cross Appeal    ☐ Class Action

Has this matter previously been before this court?
☐ Yes    ☑ No
If Yes, provide
(a) Caption: _____
(b) Citation: _____
(c) Docket Number: _____

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>☐ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Joseph A. Darrow<br>Elissa P. Fudim<br>Erin T. Ryan<br>Erez Reuveni | P.O. Box 868, Ben Franklin Station, Washington, DC 20044 | Phone: 202-598-7537<br>Email: joseph.a.darrow@usdoj.gov |
| For Appellee:<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Henry C. Whitaker<br>Daniel W. Bell<br>Darrick Monson<br>James H. Percival II<br>Fla. Att'y Gen. Service | Office of the Attorney General, PL-01 THE CAPITOL, Tallahassee, FL 32399-1050 | Phone: 850-414-3300<br>Email: henry.whitaker@myfloridalegal.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question<br>☐ Diversity<br>☐ US Plaintiff<br>☑ US Defendant | ☐ Final Judgment, 28 USC 1291<br>☑ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☐ Dismissal/Jurisdiction<br>☐ Default Judgment<br>☐ Summary Judgment<br>☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☑ Injunction<br>☐ Other _____ | Amount Sought by Plaintiff: $0<br>Amount Sought by Defendant: $0<br>Awarded: $0 to _____<br>Injunctions:<br>☐ TRO<br>☑ Preliminary    ☑ Granted<br>☐ Permanent    ☐ Denied |

Page 2                                                                                      11th Circuit Docket Number: 23-11644

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?  ☑ Yes  ☐ No
    What is the issue you claim is one of First Impression? Whether the Parole With Conditions policy exceeds the government's authority under 8 U.S.C. 1182(d)(5)(A)

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?  ☑ Yes  ☐ No

    If Yes, provide
    (a) Case Name/Statute  8 U.S.C. 1225(b); 8 U.S.C. 1182(d)(5)(A); 8 U.S.C. 1252(f)(1)
    (b) Citation _____
    (c) Docket Number if unreported _____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
    (a) Arises from substantially the same case or controversy as this appeal?  ☐ Yes  ☑ No
    (b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?  ☑ Yes  ☐ No

    If Yes, provide
    (a) Case Name  State of Florida v. United States of America, et al.
    (b) Citation _____
    (c) Docket Number if unreported  No. 23-11528
    (d) Court or Agency  U.S. Court of Appeals for the Eleventh Circuit

(4) Will this appeal involve a conflict of law
    (a) Within the Eleventh Circuit?  ☐ Yes  ☑ No
    (b) Among circuits?  ☑ Yes  ☐ No

    If Yes, explain briefly:

    Arizona v. Biden, 40 F.4th 375, 391 (6th Cir. 2022), suggests a conflict as to whether "shall" in immigration statutes precludes law enforcement discretion.

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

    (1) Lack of standing; (2) whether review is barred by the "committed to agency discretion," "final agency action," "review precluded by statutes" and "zone of interests" doctrines; (3) whether the Parole With Conditions policy violates the "case-by-case," substantive standard and "return to custody" requirements of 8 U.S.C. 1182(d)(5)(A); (4) whether the policy is arbitrary and capricious; (5) whether the policy required notice and comment; (6) whether Florida has an irreparable injury and the balance of equities support a universal injunction; (7) whether the injunction violates 8 U.S.C. 1252(f).

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS  31  DAY OF  May , 2023 .

Joseph A. Darrow                                                      s/Joseph A. Darrow
NAME OF COUNSEL (Print)                                               SIGNATURE OF COUNSEL