**U.S. Department of Justice**
Civil Division

---

June 18, 2024

**BY ECF**

David J. Smith, Clerk of Court
Eleventh Circuit Court of Appeals
56 Forsyth St., N.W.
Atlanta, Georgia 30303

    Re: *Florida v. Unites States*, 23-11528, 23-11644, Rule 28(j) Letter regarding the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, No. 23-235 (S. Ct. June 13, 2024)

Dear Mr. Smith,

    Last week, the Supreme Court unanimously held that the plaintiffs—doctors and medical associations—lacked Article III standing to challenge the FDA's decisions to relax certain regulatory requirements. Slip. op. 1. *Alliance* underscores that the State of Florida here lacks standing.

    In *Alliance*, the Court reaffirmed that a plaintiff "does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally," slip op. 9, and emphasized that "some issues may be left to the political and democratic processes," since there is no general "overs[ight of] the conduct of the National Government by means of lawsuits in federal courts," *id.* at 24. The Court also reiterated that traceability and redressability are "substantially more difficult to establish" when "a plaintiff challenges the government's unlawful regulation (or lack of regulation) of someone else." *Id.* at 10 (quotation marks omitted). The Court, moreover, rejected the plaintiffs' allegations of indirect "monetary" harm from the government's lack of regulation of certain medication. *Id.* at 18. "Allowing doctors or other healthcare providers to challenge general safety regulations as unlawfully lax," the Court explained, "would be an unprecedented and limitless approach" to standing. *Id.* at 19.

    Florida here similarly lacks standing to challenge the relevant policies. Like the *Alliance* plaintiffs, Florida asserts standing based on indirect injury from a federal policy they allege is unlawfully lax. Resp. Br. 1-2. But just as "[t]eachers in border states" may not "sue to challenge allegedly lax immigration policies that lead to overcrowded classrooms," slip op. 20, neither may Florida sue the government whenever a federal policy increases, even indirectly, the number of immigrants in the State thus diverting State resources, *e.g.*, Br. 17-18. Florida's logic "would seemingly not end until" all States "had standing to challenge virtually every government action that they do not like"—an approach "flatly inconsistent with Article III." Slip op. 20. Notably, Florida agrees that its theory of standing, premised on diversion of resources (Resp. Br. 18-21), is no longer good law. *Farmworker Association of Florida, Inc., v. Ashley Moody*, 1:23-cv-22655, ECF No. 107 (S.D. Fla., June 14, 2014).

                                                  Respectfully submitted,

                                                  */s/ Joseph A. Darrow*
                                                  JOSEPH A. DARROW
                                                  ERIN T. RYAN
                                                  *Trial Attorneys*
                                                  Department of Justice
                                                  Civil Division
                                                  Office of Immigration Litigation
                                                  P.O. Box 878, Ben Franklin Station
                                                  Washington D.C. 20044

cc: Counsel for the State of Florida (by ECF)

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing letter complies with the word limit of Fed. R. App. P. 28(j), in that the body of the letter is 350 words in length.

## **CERTIFICATE OF SERVICE**

I certify that on June 18, 2024, I filed the foregoing with the District of Columbia Circuit Court of Appeals by using the Court's CM/ECF system. I further certify that all party participants are members of the CM/ECF system and that the system will accomplish service of process.

/s/ Joseph A. Darrow
JOSEPH A. DARROW
*Trial Attorney*